UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMIE LOUGH,

    Plaintiff,

    v.

RITA JUANITA MOCK-PIKE,

    Defendant.

Case No. 18-cv-1384-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Rita Juanita Mock-Pike's ("Pike") motion to dismiss the complaint or, in the alternative, for a more definite statement (Doc. 8). Plaintiff Jimmie Lough has responded to the motion (Doc. 12).

Lough originally filed this case against Pike, apparently a former romantic partner, as a small claim in the Circuit Court for the Twentieth Judicial District, Monroe County, Illinois. He asserts five claims, one of which is a claim for copyright infringement under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, for unauthorized publication of photographs owned by him. Recognizing a federal cause of action had been pled, Pike removed the case to this Court and now asks the Court to dismiss the complaint for failure to state a claim or, in the alternative, for a more definite statement.

    Pleadings

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). Under that rule, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

The Court notes that Lough's complaint is short on details, likely because Lough initially filed this case in small claims court. A small claims court is designed to settle claims for relatively small amounts of money without the complicated rules and time-consuming procedures of regular civil court. It is no surprise that Lough's complaint, intended to be handled as a small claim, includes few facts. Most of his claims, in fact, are not described in sufficient

2

detail to give Pike fair notice of what they are and the grounds on which they rest. For some of his claims, he has not pled facts sufficient to suggest he has a right to relief in this Court above a speculative level. The Court believes the best course of action is to dismiss Lough's Second Amended Complaint without prejudice and allow Lough to file a Third Amended Complaint with the federal pleading standard in mind.

In drafting his Third Amended Complaint, Lough should bear in mind the following. Count 1 is a claim for attorney's fees and costs from a different legal proceeding, but Lough does not give any details about that proceeding—*i.e.*, the name of the case, the court in which it was filed, when the case was pending, or why he believes an award of fees and costs is warranted. Additional details would allow Pike and the Court to understand what happened and why Lough thinks Pike should pay him money for it.

As for Count 2, a claim that Pike published photographs owned by Lough without permission, federal copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *accord Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12-9881, 2014 WL 6685454, at *5 (N.D. Ill. Nov. 25, 2014) (licensee alleged to have published photographs beyond scope of licensing agreement). Generally, an owner may not sue for copyright infringement until he has registered the copyright in the work at issue. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) ("Subject to certain exceptions, the Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement."). If he is able in his Third Amended Complaint, Lough should plead that he has satisfied all conditions precedent to bringing a copyright infringement suit, that is, that he has registered a copyright for each of the photograph in issue. *See* Fed. R.

Civ. P. 9(c).

In repleading Count 3, a defamation claim, Lough should plead facts plausibly suggesting "the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and the publication caused damages." *Hadley v. Doe*, 34 N.E.3d 549, 557 (Ill. 2015). If the plaintiff is a public figure, as Lough claims he is, he must also show the allegedly defamatory statements were made with actual malice. *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1011, 1020 (Ill. 2008).

Finally, now that Lough is in federal court, he must plead his claim in Count 5 for fraud with the particularity required by federal pleading standards as set forth in Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). "The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." *Id.* at 439. In his Third Amended Complaint, Lough must plead Count 5 with the particularity required by Rule 9(b). Thus, in addition to stating that Pike made fraudulent statements, he should say what the actual statements were, when she made them, where she made them, and how (*e.g.,* orally, in writing, etc.) she made them.

Remand

The Court further notes that in his response to Pike's motion to dismiss, Lough asks the Court to remand this case to small claims court. The Court cannot do this because Lough pleads

4

a claim for copyright infringement even though he does not use those precise words in his Second Amended Complaint.  Contrary to Lough's assertions, state causes of action for copyright infringement are preempted by the federal Copyright Act, *see* 17 U.S.C. § 301(a) ("[N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."), and Copyright Act claims must be heard in federal court, *see* 28 U.S.C. § 1338 ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights.").

Lough's copyright claim is the only reason this case was brought to federal court.  If he wants this case to return to state court, he may leave his copyright claim out of his Third Amended Complaint, in which case the Court would likely decline to exercise supplemental jurisdiction and would likely remand the case to state court pursuant to 28 U.S.C. § 1367(c)(3).  But as long as there is a copyright infringement claim in this case, it must remain in federal court.

Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Pike's motion to dismiss or, in the alternative, for a more definite statement (Doc. 8);

- **DISMISSES** Lough's Second Amended Complaint **without prejudice**; and

- **ORDERS** that Lough shall have up to and including October 19, 2018, to file a Third Amended Complaint that satisfies federal pleading standards as set forth in Rule 8(a) and/or 9(b).  If Lough fails to file an amended pleading in a timely manner, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and will enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  September 28, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**