UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMIE LOUGH,

    Plaintiff,

  v.

RITA JUANITA MOCK-PIKE,

    Defendant.

Case No. 18-cv-1384-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the bill of costs filed by defendant Rita Juanita Mock-Pike (Doc. 19, refiled in the proper format at Doc. 23). Plaintiff Jimmie Lough has objected to those costs (Doc. 24).

The Court entered a judgment of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) after plaintiff Jimmie Lough failed to file an amended complaint to cure deficiencies in his original pleading (Docs. 17 & 18). Mock-Pike has submitted a bill of costs in the total amount of $400.00, the amount of the filing fee she paid to remove this case from state small claims court. Lough objects, arguing that Mock-Pike was not a "prevailing party" since the Court dismissed the case without prejudice. He also argues that the dismissal without prejudice is a non-appealable order, so it is not a judgment for which costs can be awarded. Finally, he asks the Court to consider his *pro se* status.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Objections may be filed within 14 days of the Clerk's notice. Local Rule 54.2. Costs allowed to be taxed are set forth in 28 U.S.C. § 1920, and, unless mandated by another authority, the Court has discretion to decide whether an award of costs is appropriate, *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2016). Ordinarily costs are

awarded as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d)(1); *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000) (noting presumption that prevailing party is entitled to costs).

Mock-Pike is the prevailing party for the purposes of awarding the costs of this litigation even though the dismissal was without prejudice and may not have changed the relationship between the parties. It is true that, for the purposes of awarding *attorney's fees*, the question of who is the prevailing party depends on whether there is a "judicially sanctioned change in the relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001); *see Cadkin v. Loose*, 569 F.3d 1142, 1147-49 (9th Cir. 2009) (declining to award attorney's fees under § 505 of the Copyright Act, 17 U.S.C. § 505, after plaintiff's voluntary dismissal without prejudice of copyright infringement claim). However, for the purposes of awarding *costs* under Rule 54(d)(1), the question is usually different. There, generally the Court uses the "judgment-winner test"—that is, who was the victor on the face of the judgment. *Republic Tobacco Co. v. North Atl. Trading Co.*, 481 F.3d 442, 446 (7th Cir. 2007) (citing *Moore's Fed. Practice* § 54.101[3] (3d ed. 2006) (prevailing party for costs is "the party in whose favor judgment has been entered")). Thus, where the judgment was a dismissal, the defendant is the prevailing party even if the dismissal was voluntary and without prejudice. *First Commodity Traders, Inc. v. Heinold Commodities,* 766 F.2d 1007, 1015 (7th Cir. 1985); *see Gwin v. American River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007). This is because awarding costs alone is intended to be a simple, mechanical task the Clerk of Court can accomplish quickly without resort to legal inquiries about the practical effect of the judgment. 10 *Moore's Fed. Practice* § 54.101[3] (2018).

In this case, the judgment-winner rule yields an appropriate result. Although the

dismissal was without prejudice, it was the result of Lough's failure to replead a complaint the Court dismissed without prejudice. While in one sense Lough's failure may have been a voluntary decision on his part, the Court's decision was a legal determination that he failed to prosecute this case. Accordingly, it awarded Mock-Pike relief in the form of dismissing Lough's case, albeit without prejudice.[1] Thus, Mock-Pike was the winner, even if the dismissal without prejudice leaves room for Lough to reassert his causes of action in another proceeding. This justifies a finding that Mock-Pike was the prevailing party for the purposes of Rule 54(d)(1).

Lough's second argument, that costs are not appropriate because the judgment is non-appealable, has no merit. It is true that costs are only awardable pursuant to appealable judgments, Fed. R. Civ. P. 54(a), and judgments of dismissal without prejudice are ordinarily not appealable as "final orders." *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). However, this rule does not apply where the order is effectively a final order because the flaw that led to dismissal is not curable and the district court is finished with the case. *Id.* (dismissal without prejudice for failure to exhaust administrative remedies where exhaustion was no longer possible was final, appealable order).

The Court dismissed this case not because Lough's pleading was insufficient. Instead, it dismissed this case because Lough failed to amend his complaint when the Court gave him a

---

[1] Where a *pro se* party's failure to prosecute does not involve a blatant abuse of process (*e.g.*, a single failure to provide a correct mailing address v. repeated failures to respond to discovery and/or attend hearings), this Court does not hesitate to dismiss a case without prejudice. In the Court's experience, *pro se* plaintiffs often fail to prosecute cases simply because they are ill-prepared or ill-informed. So long as the statute of limitations is not a problem, the Court finds that dismissal without prejudice can give the plaintiff breathing room to become better prepared to litigate after refiling or seeking to reopen the case. For example, in this case. the Court intended to allow Lough the ability to refile his state court claims in state small claims court, where they originated, and/or to refile his federal copyright infringement claim in federal court after registering his copyright, a precondition to suit.

chance to do so. The lack of prosecution could not have been cured by an amendment or some other step. Furthermore, the Court was done with the case, as evidenced by entry of a Rule 58 judgment. Had Lough thought the Court was wrong in its decision that he failed to prosecute the case, he could have appealed under 28 U.S.C. § 1291.

The judgment in this case was not like the one in *Goode v. Central Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015), the case Lough cites in his objection to the bill of costs. There, the plaintiff failed to allege sufficient facts in his pleading, and the Court dismissed his claims without prejudice. *Id.* at 622-23. The Court of Appeals for the Fourth Circuit found that the order of dismissal was non-appealable because the plaintiff could have amended the complaint to cure the deficiency. *Id.* at 625. As noted above, there was nothing Lough could have done to cure his failure to prosecute.

Finally, Lough asks the Court to remember his *pro se* status. It is true that the Court must liberally construe *pro se* filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."). This includes Rule 54(d)(1), awarding costs to the prevailing party.

For these reasons, the Court **OVERRULES** Lough's objections (Doc. 24) to Mock-Pike's bill of costs (Docs. 19 & 23) and **DIRECTS** the Clerk of Court to tax costs against Lough in the amount of $400.00.

**IT IS SO ORDERED.**
**DATED: December 21, 2018**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**